## Jackson *against* Newton.

The holder of a promissory note, in order to render the endorser liable, must demand payment of the note from the maker, or in his absence from his clerk or agent, on the last of the days of grace, and give due notice of the non-payment to the endorser. A demand on the maker before the last day of grace must pass for nothing.

ERROR to the common pleas of *Susquehanna* county.

Jackson, Deuel & Co. against Benjamin Newton. Case in *assumpsit.* The plaintiff's action was founded upon the following note and endorsement:

"Dundaff, 16th Dec. 1834.

"Eight months after date, for value received, I promise to pay to the order of Benjamin Newton, seven hundred and forty-one dollars and eighty-three cents.

(Signed)                                "Geo. W. Healy.

"Endorsed Benjamin Newton."

William Wurtz was then called as a witness, and testified in substance, that he went to Healy's on the 15th of August 1835, and in the absence of Healy, demanded payment of the note of his clerk, at his store, and on the same day gave notice of this to Newton, the endorser. On the following Monday, the 17th of August, he repeated the demand and notice as before. Newton then told him he would go and see Healy's agent, Robinson, and they either "would have the matter attended to," or "would see that the matter was attended to," or "would have them attend to it," or words to that effect. When Newton started to Healy's store, the witness told him "he would be at the tavern opposite all night, and after he had seen Robinson, he might see the witness there, if he wished." He did not see him again.

*Herrick,* president, charged the jury that the evidence of demand and notice was not sufficient in law to charge the endorser. Verdict for defendant.

*Wurtz* and *Greenough,* for plaintiff in error, cited 1 *Dall.* 252; 2 *Dall.* 158; 1 *Yeates* 531; 7 *Serg. & Rawle* 324; 1 *Johns. Cas.* 99; 4 *Mass. Rep.* 245; 5 *Mass. Rep.* 170; 1 *Yeates* 145; 1 *Saund. Pl. and Ev.* 127.

*Overton* and *Ward, contra,* whom the court declined to hear.

The opinion of the Court was delivered by

Sergeant, J.—The rule laid down by the court below, that the holder of a promissory note, in order to render the endorser liable,

must demand payment of the note from the maker, or in his absence, from his clerk or agent, on the last of the days of grace, and give due notice of the non-payment to the endorser, is the settled principle established in cases of bills of exchange and promissory notes, payable at a certain time after date. Long usage and established mercantile practice have incorporated this principle into the commercial code of this country, and of England. A demand on the maker, made before the last day of grace, must pass for nothing: as in all other cases, when a debt is demanded before the debtor is bound to pay it. Unless, therefore, the plaintiff can bring his case within some exception to the established rule, he must fail; because the only demand which appears by the evidence to have been made on the maker of the note, was on the 15th and 17th of August, 1835; whereas, the third day of grace was on the 19th.

There is nothing in the evidence which gives any *colour to the* idea that there exists such an exception here; but the allegation by the plaintiff, that the endorser, on the 17th of August 1835, waived the necessity of any further demand on the maker, and rendered himself liable without it. And I agree, that if it clearly appeared that the defendant, who was the endorser, did distinctly waive such demand, and agreed to make himself liable upon the note without it, it would, in the absence of any reason for alleging imposition or mistake, be binding upon him. But this case does not seem to be made out by the evidence of Mr Wurtz, the witness who was examined to the point. The amount of his evidence is, that on Saturday, the 15th of August, he, as the plaintiff's agent, after having demanded payment of the maker's clerk, Robinson, at his store, called on the defendant, and gave him notice of such demand, and that the note was not paid. On Monday, the 17th, he again demanded payment of Robinson, and again informed defendant thereof, and urged that some arrangement should be made by the defendant and Robinson in conjunction. The defendant then promised to see Robinson, and said he (Robinson) would have the matter attended to, or would see that the matter was attended to, or would have them attend to it, or something to that effect. He several times said they would see what they could do about it. And Mr Wurtz made with the defendant an appointment for the defendant to call on him in the evening, at the tavern, where he waited for him, but he did not call. No further demand was made on the maker—but on the 20th or 21st Mr Wurtz sent notice to the defendant of the non-payment of the note.

There seems to be here no engagement by the defendant to do any thing but to see Robinson on the subject of the proposed arrangement, and communicate the result to the witness. By not calling on the witness, in pursuance of the appointment, the witness was given to understand that no arrangement would be made, and he must look to his legal rights. There was not sufficient to warrant him in concluding that no further demand was necessary;

[Jackson v. Newton.]

that the defendant would consider himself liable, as endorser, independent of the regular steps required by law, or that he waived any right whatever. He merely undertook to see Robinson, and endeavour to have some joint arrangement made, the result of which was to be communicated to the witness in the course of the evening. And the witness's waiting for him at the tavern, seems to show that this was his understanding. The evidence, we think, is too loose and uncertain, to be construed as a waiver of demand on the maker.

Judgment affirmed.